IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| Plaintiff, | ) | **RECONSIDER DETENTION ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dejuan Ranier Thornton, | ) | Case No. 1:21-cr-240 |
| | ) | |
| Defendants. | ) | |

Before the court is a "Motion to Reconsider Detention Order" filed by Defendant on October 13, 2022. (Doc. No. 49). The court dispensed with a detention hearing and ordered Defendant detained after he file a waiver of his right to a detention hearing on December 13, 2021. (Doc. Nos. 23, 26). Defendant is now asking the court to reconsider its detention order and release him to Adult and Teen Challenge ("Teen Challenge") so that he can participate in its inpatient treatment program.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "[T]o reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he should remain detained." United States v. Rolenc, No. 20-CR-137 (NEB/ECW), 2021 WL 211253, at *5 (D. Minn. Jan. 21, 2021).

Having reviewed the record, the court is presently disinclined to "reopen" the detention

1

hearing that Defendant previously waived or to otherwise reconsider its detention order. "Information is 'material' for purposes of section 3142(f)(2) only if it indicates that the defendant is less likely to flee or fail to appear or that the defendant is less likely to pose a danger to the community or others." United States v. Smith, 337 F.R.D. 366, 369 (N.D. Fla. 2020). Here, the information provided by Defendant–that he has secured a placement at Teen Challenge–is new. However, it does not address the danger or risk of flight that Defendant poses or otherwise tip the balance of the 18 U.S.C. § 3142(g) factors in favor of his release. Thus, it is not "material" in the present context. The court also has concerns regarding Teen Challenge's ability to provide the required level of security, structure, and supervision that would be required given Defendant's extensive criminal history.

In sum, the court finds that Defendant is not a viable candidate for release to Teen Challenge given the nature of his charged offenses, his history, the lack of any material information to warrant reopening the detention hearing, and the presumption of detention, which remains a factor that the court can consider. Accordingly, Defendant's motion (Doc. No. 49) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court