**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Dejuan Ranier Thornton, | ) | Case No.: 1:21-cr-00240 |
| | ) | |
| Defendant. | ) | |

---

On June 24, 2026, Defendant was charged by petition for violating the conditions of his supervised release. (Doc. No. 93). Defendant was arrested on June 25, 2026, and made his initial appearance on June 26, 2026. (Doc. Nos. 96, 102). At the conclusion of the hearing, Defendant was ordered detained pending a detention hearing and preliminary hearing scheduled for July 1, 2026. (Doc. No. 101). At the conclusion of the detention and preliminary hearings, Defendant was ordered detained pending the final hearing on the petition. (Doc. Nos. 104, 105).

On July 9, 2026, Defendant filed a motion for reconsideration as to the order of detention. (Doc. No. 106). The same day, the court granted the motion and ordered Defendant conditionally released to Providence House in Arnegard, North Dakota. (Doc. No. 107).

On November 6, 2026, an amended petition was filed and a warrant issued. (Doc. Nos. 115, 116). Defendant was arrested on November 10, 2026, and made his initial appearance the same day. (Doc. Nos. 117, 119). At the hearing's conclusion, Defendant was ordered detained pending a preliminary hearing and detention hearing scheduled for November 13, 2026. (Doc. No. 120). At the conclusion of the detention and preliminary hearings, the court ordered Defendant detained pending the final hearing on the petition. (Doc. No. 121).

On November 18, 2026, Defendant filed a *Motion for Reconsideration of Order of Detention*. (Doc. No. 123). Defendant advised he has been accepted for placement at Serenity Bridge, a sober living facility in Bismarck, North Dakota, and a bed is immediately available should he be released. A representative of Serenity Bridge is available to transport Defendant from the detention center to the sober living facility.

On November 19, 2026, Defendant filed a response in opposition to Defendant's motion. (Doc. No. 125). The United States argued that the proposed release plan does not appropriately mitigate the risk of non-appearance and danger to the community, and Defendant is unlikely to abide by any condition or combination of conditions of release. The United States further pointed out that not only is the final revocation hearing presently scheduled for December 1, 2026, but while Defendant successfully completed the treatment program at Providence House in the past, after his subsequent transition to Sober Collective Sober Living, Defendant was unsuccessfully terminated. Defendant had ongoing issues with positive drug tests while at the sober living facility and upon termination, failed to notify his supervising officer and did not surrender to the custody of the United States Marshal as instructed. Upon his arrest on November 9, 2026, Defendant was found by the Bismarck Police Department as a passenger in a vehicle with other individuals with a known controlled substance abuse history. Finally, the United States advised that Defendant still has not provided documentation he was attending treatment services, despite requested verification from his supervising officer.

While Defendant's acceptance to Serenity Bridge Sober Living is new information that was not available at the time of the November 13, 2026, detention and preliminary hearings, the court is not convinced that Defendant has shown by clear and convincing evidence that there are conditions of release presently available to sufficiently mitigate his risk of flight and danger to the

community. As previously opined by the court at the preliminary and detention hearings, Defendant has previously engaged in multiple violations of the court's imposed release conditions. Moreover, the court is not convinced that release to Serenity Bridge Sober Living will provide a level of supervision, security, and oversight the court would require, given Defendant's previous failures at a sober-living facility and his continued controlled substance use.

It is also concerning to the court that upon his unsuccessful discharge from Sober Collective Sober Living, Defendant failed to report his termination to his supervising officer, and did not turn himself in as instructed, even after a warrant was issued. Furthermore, when Defendant was arrested, he was found as a passenger in a vehicle with other individuals with a known controlled substance history. This concern is not mitigated by the fact that the Bismarck Police Department may not have made the initial stop due to Defendant, as he chose to be in a vehicle with other known individuals.

While the court understands Defendant's desire and need to participate in treatment, the court agrees with the United States that Defendant requires a period of forced sobriety and separation from controlled substances. The United States averred it would not be opposed to future conditional release after a period of sobriety and a sincerity to participate in treatment in the future. The Defendant's motion (Doc. No. 123) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of November, 2026.

*<u>/s/ Clare R. Hochhalter</u>*
Clare R. Hochhalter, Magistrate Judge
United States District Court